NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENDER DARBELIO CATZIN BLANCO, | No.  20-71751 |
| Petitioner, | Agency No. A089-859-476 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Sender Darbelio Catzin Blanco petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge

("IJ") decision denying his applications for withholding of removal and protection

under the Convention Against Torture ("CAT"). We review factual findings and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denials of withholding of removal and CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We review questions of law and constitutional claims de novo. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part.

1.      We lack jurisdiction to consider Blanco's arguments regarding his family-based particular social group. Our jurisdiction extends only to those claims exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016). Exhaustion requires that the BIA be put "on notice so that it ha[s] an opportunity to pass on th[e] issue." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (simplified). And here, Blanco did not sufficiently put the BIA on notice regarding any challenge to the IJ's determination of his family-based group claim. The BIA read Blanco's notice of appeal (NOA) as failing to raise an appellate argument regarding his family-based group. While somewhat ambiguous, Blanco's NOA most naturally reads as challenging only the IJ's adjudication of his harm-based group claim, and so the BIA's interpretation was reasonable.[1]

2.      The BIA did not violate its regulatory rules or Blanco's due process

---

[1] Blanco waived any arguments regarding his withholding claim premised on his harm-based group because he did not address the issue in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that a party waives an issue by failing to address it in the opening brief).

rights by misconstruing the IJ's order regarding his asserted particular social groups. Blanco contends that the BIA erroneously stated that the IJ found his family-based group "circular." But that is not what the BIA said. The BIA stated, "as the Immigration Judge noted, both of these groups are primarily based on the harm suffered by the applicant's mother and threats to himself and his siblings, thus it is circular in nature." Read in context, the two groups the BIA was referring to were the NOA's two articulations of Blanco's harm-based group. The BIA first explained that Blanco's articulation of his harm-based group on appeal was "similar, but not the same" as the articulation presented to the IJ. The BIA then analyzed the newest articulation "[i]n any event," and found that "either proposed social group" was not particular or socially distinct. It then went on to state that "both of these groups" are "circular in nature." Thus, the BIA committed no regulatory or due process violation in evaluating the IJ's ruling on Blanco's harm-based groups.

3.      Substantial evidence supports the denial of Blanco's CAT claim. The BIA found that Blanco did not show that the Mexican government would consent or acquiesce to his torture. The BIA relied on the fact that Mexican authorities arrested and imprisoned the murderer of his mother, which mitigated any concerns that Mexican officials would acquiesce to his torture. The BIA thus concluded that Blanco's argument on official acquiescence was conclusory. Because the record does not compel a contrary conclusion, substantial evidence supports the BIA's

decision. *See Yali Wang*, 861 F.3d at 1007.

**DISMISSED IN PART AND DENIED IN PART.**